E-FILED
Monday, 09 May, 2022 11:19:23 AM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **ROBERT TOWNSEND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | **Case No. 22-cv-3059-JBM** |
| | ) | |
| **TANNER K. JACOBS, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MERIT REVIEW ORDER**

Plaintiff, a pretrial detainee at the Sangamon County Jail, proceeds *pro se* on his complaint under 42 U.S.C. § 1983. This case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). While the pleading standard does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Wilson v. Ryker*, 451 Fed. Appx. 588, 589 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff's complaint challenges ongoing federal criminal proceedings against Plaintiff in Central District of Illinois case number 21-cr-30043 before Judge Sue E. Myerscough. On May 14, 2021, Plaintiff was charged with attempted enticement of a minor, in violation of 18 U.S.C. § 2422(b). He now files this civil action under § 1983 against FBI Special Agent Anthony Wright, Assistant U.S. Attorney Tanner Jacobs, Assistant U.S. Attorney Sarah Seberger, and Douglas Quivey, the then-acting U.S. Attorney for the Central District of Illinois. Plaintiff alleges that

Special Agent Wright, an online covert employee (OCE), was operating an online profile and posing as an eighteen-year-old named "Connor" on an application called Grindr. (Doc. 1 at 6). Plaintiff initiated a conversation with "Connor," who later revealed that he was only fourteen years old. Plaintiff alleges that this constitutes entrapment because individuals must be eighteen years old to join Grindr, and Plaintiff did not know he was chatting with an OCE. Plaintiff also challenges his arrest and alleges Special Agent Wright made a false statement concerning Plaintiff's text messages with "Connor."

Plaintiff's claims related to the ongoing criminal proceedings must be made in his criminal case through his attorney. Federal district courts do not interfere with pending criminal proceedings in other federal or state courts. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts.").

Additionally, prosecutors are immune from lawsuits based on their conduct associated with prosecuting a criminal case, including the conduct Plaintiff alleges. *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976) (in initiating prosecution and presenting State's case, prosecutor is immune from civil suit for damages under section 1983); *Archer v. Chisholm*, 870 F.3d 603, 612 (7th Cir. 2017) ("Prosecutors are absolutely immune for actions they undertake in their capacities as prosecutors, even including malicious prosecution unsupported by probable cause."); *Katz-Crank v. Haskett*, 843 F.3d 641, 647 (7th Cir. 2016) (concluding that indicting a person without probable cause, acting maliciously, refusing to consider exonerating evidence, presenting false evidence to a grand jury, and delaying trial "encompass prosecutorial acts or omissions for which…prosecutors enjoy absolute immunity."). Accordingly, the Court concludes that Plaintiff's complaint fails to state a claim for relief.

The Court cannot discern any plausible federal claim from Plaintiff's allegations about the criminal proceedings which can be pursued at this time outside of Plaintiff's criminal case. Although the Court has the discretion to permit Plaintiff to file an amended complaint, it is unnecessary when, as here, the Court finds that any amendment to the claim raised in Plaintiff's pleading would be futile. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013); *see also Gonzalez-Koeneke v. West*, 791 F.3d 801, 807 (7th Cir. 2015) ("District courts, nevertheless, 'have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile.'") (quoting *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008)).

Plaintiff has also filed numerous extraneous letters, memorandums, supplements, and declarations in support of his complaint. Under Federal Rule Civil Procedure 8, "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court's review is limited to Plaintiff's complaint. The Court will not consider any of the separately filed documents. *See Spivey v. Pierce*, No. 10-cv-1050, 2010 WL 2331174, at n. 2 (C.D. Ill. June 9, 2010) ("Though proceeding *pro se*, [Plaintiff] must set out his facts and arguments in a coherent manner, rather than merely dumping all potentially-relevant documents upon the Court."); *Bourbeau v. Franzen*, No. 97 C 4601, 1998 WL 565042, at *2 (N.D. Ill. Aug. 31, 1998) (court will not consider the voluminous correspondence).

Finally, the Court notes that Plaintiff filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his pretrial detention and indictment. (Doc. 14). "A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact

or duration of his confinement." *Debruzzi v. Williams*, 2020 WL 5110714, at *2 (S.D. Ill. Aug. 31, 2020) (citing *Presier v. Rodriguez*, 411 U.S. 475, 490 (1973)). Plaintiff's status as a federal pretrial detainee dooms his habeas claim. The Seventh Circuit has held that any request for release by a federal detainee subject to the Bail Reform Act of 1984, 18 U.S.C. § 3142, "can be considered under only the Bail Reform Act, and not a 2241 petition." *Fredrickson v. Terrill*, 957 F.3d 1379, 1380 (7th Cir. 2020) (citing *United States v. Pipito*, 861 F.2d 1006, 1009 (7th Cir. 1987)).

In addition, Plaintiff raises identical claims in his petition which have already been addressed by Judge Shadid in case number 22-3003 (Doc. 17) and Judge Bruce in case number 22-3017 (Doc. 16). Federal courts generally decline "to entertain successive petitions under § 2241 or § 2255, unless the law [has] changed or new facts . . . come to light." *Arnaout v. Marberry*, 351 F. App'x 143, 144 (7th Cir. 2009). A petitioner abuses the federal writ of habeas corpus "by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice." *McCleskey v. Zant*, 499 U.S. 467, 489 (1991). Plaintiff's duplicative petition in this case is subject to dismissal.

**IT IS THEREFORE ORDERED:**

1) The Court DISMISSES, with prejudice, Plaintiff's complaint [1] under Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. 1915A(b)(1) for failure to state a federal claim upon which relief may be granted. Because any amendment to the complaint would be futile, the Court DIRECTS the Clerk to enter a judgment under Fed. R. Civ. P. 58.
2) The Clerk is directed to record this dismissal as a strike in the district's internal log.
3) Plaintiff's [4] motion for appointment of counsel is DENIED. Plaintiff has not demonstrated that he made reasonable attempts to find counsel on his own. *See Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007). Further, Plaintiff appears competent to proceed

*pro se* at this stage. His complaint adequately explained why Plaintiff believed his rights were being violated, which was all Plaintiff was required to do at this stage.

4) Plaintiff's [14] Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is DENIED.

5) Plaintiff's Motions [7], [8], [9], [13], [23], and [38] are now MOOT.

6) Plaintiff remains responsible for any unpaid balance of the $350.00 filing fee even though his case has been dismissed. The agency having custody of Plaintiff shall continue to make monthly payments to the Clerk of Court as directed in the Court's prior order. (See Text Order 4/29/2022).

7) If Plaintiff wishes to appeal this judgment, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee regardless of the outcome of the appeal.

ENTERED: May 9, 2022

s/ Joe Billy McDade
Joe Billy McDade
U.S. District Court Judge